UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARK WILLIAMS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-cv-52 |
| ) | |
| TENNESSEE STUDENT ASSISTANCE ) | |
| CORPORATION and ) | |
| RUSS DEATON, in his official ) | |
| capacity as Executive Director ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on Defendants' Motion to Dismiss [doc. 4]. In accordance with this opinion, Defendant's Motion will be **GRANTED** in part and **DENIED** in part.

**I.     FACTS**

In 2001, Plaintiff endorsed a document titled "TENNESSEE STUDENT ASSISTANCE CORPORATION TENNESSEE CONSOLIDATION LOAN PROGRAM APPLICATION AND PROMISSORY NOTE FOR A CONSOLIDATION LOAN". The document consolidated three of Plaintiff's student loans into a single loan in the aggregate amount of $71,947. Plaintiff does not dispute that he borrowed the money or that he signed the document. The original lender of the consolidation loan was First Tennessee Bank. However, the instrument later passed to several other financial institutions. (Compl. [doc. 1] at ¶ 2). Tennessee Student Assistance Corporation's role in the initial transaction or subsequent transfers is unclear, and Plaintiff claims that TSAC

made conflicting statements as to who owned the loan. (Compl. [doc. 1] at ¶ 4). However, TSAC began garnishing Plaintiff's wages for an alleged debt of $166,199.59 in 2010.

In January 2015, Plaintiff sent TSAC a document titled "Bill in Equity". The Bill in Equity was styled as a legal affidavit and "asserted [Plaintiff's] absolute legal and equitable title to the instrument[.]" (Compl. [doc. 1] at ¶ 6; Bill in Equity [doc. 1-1]). The Bill in Equity ordered TSAC to "rebut the enclosed affidavit . . . under penalty of perjury . . . within fifteen (15) business days[.]" (Compl. [doc. 1] at ¶ 42; Bill in Equity [doc. 1-1] at p. 22). The Bill in Equity declared that a failure to rebut the affidavit would constitute admission of its accuracy and waiver of any defenses. (*Id.*) TSAC evidently failed to do rebut the Bill in Equity. Plaintiff asserts that he acquired sole ownership of the note by operation the Bill in Equity. (Compl. [doc. 1] at ¶ 44).

Plaintiff filed this § 1983 action against TSAC and Russ Deaton, TSAC's executive director, (hereafter collectively "Defendant" or "TSAC") claiming that Defendant lacks authority to garnish his wages because it did not satisfy the requirements in 20 U.S.C. § 1095a. He claims that TSAC was not the legal holder of the instrument and that garnishing his wages is a constructive conversion of his property rights in the instrument. Plaintiff seeks an injunction to end the wage garnishment and a judgment that would allow him to collect damages against the Defendant.

## II. STANDARD OF REVIEW

Defendant brings this Motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." In resolving a motion under Rule 12(b)(6), the court must "construe

the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the Court does not give credence to mere recitations of the elements of a claim, nor will it consider conclusory statements as valid support. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action[.]" *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 556, 557).

In addressing a motion under Rule 12(b)(6), the court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted); *see also Gee v. UnumProvident Corp.*, No. 1:03-CV-147, MDL 1:03-MD-1552, 2005 WL 534873, at *7 (E.D. Tenn. Jan. 13, 2005) ("[I]f documents are attached to, incorporated by, or specifically referred to in the complaint, they are considered part of the complaint and the Court may consider them.") (*citing Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir.1997)).

### III. SOVEREIGN IMMUNITY

The Eleventh Amendment of the U.S. Constitution provides that states and their agencies are not subject to suit unless they have waived their immunity or a federal law has abrogated it. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Where the doctrine of sovereign immunity applies to shield a government entity, the federal courts lack subject matter jurisdiction. *Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006). Plaintiff does not does not deny that TSAC is a state agency, nor does he argue any law waiving the state's immunity against claims for garnishing wages as a loan guarantor. Suits against state employees in their official capacity are treated as suits against the state of which they are agents. *Brandon v. Holt*, 469 U.S. 464, 471, 105 S. Ct. 873, 877 (1985); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (stating that suits against state officials are "no different from a suit against the State itself."). Thus, immunity from suit extends to individuals sued for money damages in their official capacity. *See S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 2312 (1989) (stating that "neither a State nor its officials acting in their official capacities are "persons" under §1983."). Because Plaintiff sues Mr. Deaton in his official capacity as a state employee, he is immune. Thus, to the extent that Plaintiff seeks a monetary award, "a writ of assistance to collect damages", or any judgment that would permit him to receive a monetary award, there is no jurisdiction in this Court.

However, the Plaintiff also seeks injunctive relief, claiming that the TSAC has not satisfied the requirements that would allow it to garnish the Plaintiff's wages under 20 U.S.C. §1095a. He appears to argue that the Eleventh Amendment does not apply to his claims for non-monetary relief. This is incorrect. "The Eleventh Amendment prohibits all suits, whether for injunctive, declaratory, or monetary relief against the state and its departments." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) A narrow

exception to this immunity applies where a claimant seeks prospective injunctive relief against state officers in their official capacity. *Id.* Called the Ex Parte Young doctrine, the exception is based on the principle that where an official acts outside the bounds of federal law, he is "stripped of official or representative character" so that immunity does not apply. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. at 104-05 (*quoting Ex parte Young*, 209 U.S. 123, 160 (1908)). In other words, the Eleventh Amendment does not bar a federal court from enjoining a state official from acting in violation of federal law. Plaintiff's Complaint alleges that his wages are being garnished contrary to 20 U.S.C. § 1095a. Plaintiff argues that this is a violation of his due process rights, protected by the Fifth Amendment and 42 U.S.C. §1983. This Court therefore has subject matter jurisdiction over Plaintiff's claim for injunctive relief against Mr. Deaton in his capacity as a state official. Thus, if Mr. Deaton, as director of TSAC, is indeed garnishing Plaintiff's wages in violation of 20 U.S.C. § 1095a, this Court has jurisdiction to enjoin that action.

Section 1095a permits a guaranty agency to garnish a debtor's disposable income to satisfy a debt, but only where the agency meets the debtor's procedural due process rights to notice and opportunity to be heard. Plaintiff does not claim that he did not receive notice or an opportunity for a hearing to contest the garnishment. Rather, Plaintiff claims that the state of Tennessee is not eligible to collect payment on the note because TSAC was not the owner of the note. Thus, he claims that garnishing his wages is a conversion of his property.

Defendant is correct in arguing that the Bill in Equity was not effective to confer the note to the Plaintiff. There is no law or statute permitting debtors to erase their debt on demand, and Plaintiff cannot unilaterally transfer ownership of his debt to himself. Thus, the "Bill in Equity" had no legal effect on the title of the note. Because Plaintiff is not the owner of the promissory

note, his "Second Cause of Action," in which he asserts that TSAC deprived him of his property rights in the note, fails to state a claim upon which relief can be granted. Plaintiff's claim for constructive conversion will be **DISMISSED**.

However, a determination that Plaintiff <u>does not</u> own the note does not trigger a finding as to who has rights to collect on it. Defendant's argument assumes that TSAC was the holder of the note or was a guaranty agency eligible to collect on it under 20 U.S.C. § 1095a, whereas Plaintiff claims he believed that the note was owned by other institutions. The original application to consolidate the loan does not state TSAC's role as a lender or guaranty agency, only First Tennessee Bank's role as the lender. For its own part, TSAC makes no statement as to its interest in the note or its role in the transaction. While it would be natural to assume that TSAC was and is the loan's guarantor, this Court cannot make that assumption without evidence, particularly when the only documentation the Court has is over fifteen years old and subsequent transactions have occurred. TSAC has not shown that it is an eligible collector for the purposes of 20 U.S.C. 1095a.

Construed liberally, Plaintiff's complaint also alleges that TSAC refused to allow it to inspect records related to the debt (Compl. [doc. 1] at ¶¶ 40-41) and that he did not have opportunity to negotiate a repayment agreement (Compl. [doc. 1] at ¶¶ 48), both of which are required under §1095a. If Plaintiff's allegations are true, it is plausible that TSAC was not eligible to garnish the Defendant's income. As to Plaintiff's "First Cause of Action," TSAC's motion will be **DENIED**.

IV. <u>**INSUFFICIENT SERVICE OF PROCESS**</u>

Defendant next moves to dismiss based on insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure. TSAC states that Plaintiff failed to meet the requirements for service on a state government.

Rule 4(j) of the Federal Rules provides that service on a governmental entity requires plaintiff to comply with the law of the state for service of process on that particular entity. Tennessee law requires claimants to "deliver[] a copy of the summons and of the complaint to the attorney general of the state or to any assistant attorney general." Tenn. R. Civ. Pro. R. 4.04(6). The record indicates that Plaintiff served summons on Mr. Deaton, in his capacity as executive director of TSAC. [docs. 3-4]. Plaintiff did not effect service on the state Attorney General. He therefore failed to comply with Tennessee law and service is insufficient in this case.

Rule 12(b)(5) provides that a complaint may be dismissed for insufficient service of process. Despite the seeming unfairness of dismissal where a defendant clearly has knowledge of a suit, the Sixth Circuit is clear that "actual knowledge and lack of prejudice cannot take the place of legally sufficient service. "actual knowledge and lack of prejudice cannot take the place of legally sufficient service." *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999). "[D]ue process requires proper service of process in order to obtain in personam jurisdiction." *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976). Thus, proper service of process "is not some mindless technicality." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (*citing Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)). However, dismissal for insufficient service is not automatic. Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--
> on motion or on its own after notice to the plaintiff--must dismiss the action

without prejudice against that defendant or order that service be made within a specified time.

Because Plaintiff is proceeding *pro se* in this action, it is likely that his failure to properly serve Defendants is attributable to mistake or ignorance of the rules for service of process. Unfortunately, mistake or ignorance of the rules does not excuse compliance. *See Moncrief v. Stone*, 961F.2d 595, 597 (6th Cir. 1992). However, Plaintiff made an effort to effect proper service. Under the circumstances, justice is not served by dismissing the complaint. Plaintiff is hereby ordered to properly serve the Defendant with process within forty-five days of the entry of this order or his claims will be dismissed.

Having denied the motion to dismiss Plaintiff's claims in federal law, the Court does not reach the issue of pendent jurisdiction over any state law claims. However, the Court would note that it is not clear what, if any, claims Plaintiff intends to make under state law.

## V.   CONCLUSION

The Eleventh Amendment precludes Plaintiff's claims for injunctive and monetary relief against the Tennessee Student Assistance Corporation, and for monetary relief against Mr. Deaton. Thus, in so far as Plaintiff seeks monetary relief, Defendant's Motion is **GRANTED** and Plaintiff's claims are **DISMISSED**.

However, the Eleventh Amendment permits Plaintiff's claim for injunctive relief against Mr. Deaton in his official capacity. Plaintiff's allegations, if true, state a plausible claim that Defendant has not satisfied the requirements for garnishing his wages under 20 U.S.C. §1095a and is thus acting in violation of federal law. As to Plaintiff's claim for injunctive relief against Mr. Deaton as an official of the TSAC, Defendant's motion is therefore **DENIED**.

To the extent that Plaintiff seeks any relief for "constructive conversion" of his ownership rights in the subject promissory note, the Motion will be granted and Plaintiff's claim **DISMISSED**.

Plaintiff has failed to properly serve process under Rule 4 of the Federal Rules of Civil Procedure. Plaintiff is hereby **ORDERED** to effect proper service within forty-five days.

An Order consistent with this opinion will be entered.

**IT IS SO ORDERED**.

ENTER:

_s/ Leon Jordan_
UNITED STATES DISTRICT JUDGE