UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| MARK WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:16-CV-52 |
| | ) |
| TENNESSEE STUDENT ASSISTANCE | ) |
| CORPORATION and RUSS DEATON, in his | ) |
| official capacity as Executive Director, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's Motion for Summary Judgment [doc. 22], Plaintiff's Brief in Support of the Motion [doc. 24], and Defendants' Response in Opposition [doc. 28]. For the reasons herein, the Court will deny the motion.

### I. BACKGROUND

A former student at the University of Tennessee, [Student Enrollment History, doc. 29, at 18–19], Plaintiff Mark Williams ("Mr. Williams") completed an application and promissory note to enter into the Tennessee Student Assistance Corporation's Tennessee Consolidation Loan Program, [Appl. & Promissory Note, doc. 29, at 6], seeking to consolidate three of his student loans, [*id.*; Jane Pennington Aff., doc. 30-1, ¶ 4]. At the time, Defendant Tennessee Student Assistance Corporation ("TSAC"), which is "the designated guaranty agency for loans made under the Federal Family Education Loan Program ("FEELP") within the State of Tennessee," [Jane Pennington Aff. ¶ 3], was the

guarantor of the consolidated loan, [*id.* ¶ 4; *see* Appl. & Promissory Note at 6]. Mr. Williams, however, later defaulted on the consolidated loan and TSAC then became the holder of the loan. [Jane Pennington Aff. ¶¶ 6–7]. TSAC, through its contractor, Automated Collection Services, Inc. ("ACSI"), attempted to collect debts on the defaulted loan for roughly a year but without success. [ACSI Aff., doc. 29, ¶¶ 3–6]. ACSI maintains that it eventually mailed a letter to Mr. Williams entitled "Notice Prior to Wage Withholding," in which it notified him of its intent to garnish his wages. [*Id.* ¶¶ 5–10]. According to ACSI, this letter contained instructions about how Mr. Williams could not only avoid garnishment but also request a hearing to object to it. [*Id.* ¶ 10]. ACSI, however, attests that Mr. Williams did not request a hearing "in the manner proscribed by" the letter, [*id.* ¶ 11], so it proceeded to garnish Mr. Williams' wages, [*id.* ¶ 12].

In response, Mr. Williams, a pro se plaintiff, brought this action against TSAC and Russ Deaton ("Defendants") in his official capacity, claiming they deprived him of his constitutional rights under 42 U.S.C. § 1983 by garnishing his wages (Count I) and by committing a constructive conversion of his interest in the promissory note (Count II). [Compl., doc. 1, at 8–10]. The Court has dismissed Count I to the extent that Mr. Williams pursues monetary damages and has dismissed Count II in its entirety. [Order, doc. 15, at 1–2]. Count I remains pending to the extent that Mr. Williams seeks injunctive relief. [*Id.*]. Mr. Williams now moves for summary judgment. [Pl.'s Mot. for Summ. J. at 1–2].

## II. LEGAL STANDARD

Summary judgment is appropriate when the moving party shows, or "point[s] out to the district court," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), that the record—the

admissions, affidavits, answers to interrogatories, declarations, depositions, or other materials—is without a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law, Fed. R. Civ. P. 56(a), (c). The moving party has the initial burden of identifying the basis for summary judgment and the portions of the record that lack genuine issues of material fact. *Celotex*, 477 U.S. at 323. The moving party discharges that burden by showing "an absence of evidence to support the nonmoving party's" claim or defense, *id.* at 325, at which point the nonmoving party, to withstand summary judgment, must identify facts in the record that create a genuine issue of material fact, *id.* at 324.

Not just any factual dispute will defeat a motion for summary judgment—the requirement is "that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the case under the applicable substantive law, *id.*, and an issue is "genuine" if the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In short, the inquiry is whether the record contains evidence that "presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. When ruling on a motion for summary judgment, a court must view the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

3

Case 3:16-cv-00052-RLJ-HBG   Document 56   Filed 11/21/16   Page 3 of 9   PageID #: 515

## III. ANALYSIS

Mr. Williams appears to make three arguments that he believes entitle him to summary judgment. First, he claims that TSAC violated 20 U.S.C. § 1095a by garnishing his wages without "a warrant or court order," a phrase that he presumably uses to mean a hearing. [Pl.'s Br. at 2, 5]. Second, he contends that Defendants lack "existing jurisdiction" to continue to garnish his wages "pending decision from a hearing in accordance with 5 U.S. Code [§ 556(d)]." [*Id.* at 5]. Third, he maintains that Defendants have not showed that they possess a "wet-ink-signature promissory note indorsed by Plaintiff, as is required by 34 C.F.R. § 682.515(a)(3)(ii)" and are therefore "gaming the court in hopes of securing continued garnishment of Plaintiff's wages." [*Id.* at 8].

### A. Section 1095a

The import of Mr. Williams argument is that Defendants should have afforded him a hearing before garnishing his wages. Defendants claim, however, that Mr. Williams never met the statutory criteria for a hearing under § 1095a. [Defs.' Br. at 4–6]. Under 20 U.S.C. § 1095a(a), a guaranty agency has authority to "garnish the disposable pay of an individual . . . if he or she is not currently making required repayment . . . with the guaranty agency holding the loan." An administrative hearing is a prerequisite to the garnishment of wages only if an individual satisfies certain conditions:

> A hearing described in subsection (a)(5) of this section shall be provided prior to issuance of a garnishment order if the individual, on or before the 15th day following the mailing of the notice described in subsection (a)(2) of this section, and in accordance with such procedures as the Secretary or the head of the guaranty agency, as appropriate, may prescribe, files a petition requesting such a hearing. If the individual does not file a petition requesting

4

a hearing prior to such date, the Secretary or the guaranty agency, as appropriate, shall provide the individual a hearing under subsection (a)(5) of this section upon request, but such hearing need not be provided prior to issuance of a garnishment order.

20 U.S.C. § 1095a(b). As the movant on a motion for summary judgment, Mr. Williams, even as a pro se plaintiff, carries the burden of showing that no evidence in the record controverts his claim that Defendants violated § 1095a by failing to provide him with a hearing. *Cf. Black v. Parke*, 4 F.3d 442, 448 (6th Cir. 1993); *see Celotex*, 477 U.S. at 323.

In an attempt to satisfy this burden, Mr. Williams directs the Court's attention to a pair of "undisputed material facts": (1) TSAC's admission that it initiated garnishment of his wages without affording him a hearing and (2) Mr. Williams' filing—almost two months into this action—of a Motion for an Evidentiary Hearing [doc. 10], [Pl.'s Br. at 5], in which he requested the opportunity to "examine evidence related to the garnishment of his wages . . . pursuant to § 1095a," [Mot. for Evidentiary Hr'g at 1]. TSAC's admission that it began garnishing Mr. Williams' wages without a hearing is not in and of itself, however, dispositive of a violation of § 1095a. A hearing is necessary under § 1095a only if "the individual, on or before the 15th day following the mailing of the notice described in subsection (a)(2) of this section, and in accordance with such procedures as the Secretary or the head of the guaranty agency, as appropriate, may prescribe, files a petition requesting such a hearing." § 1095a(b).

Mr. Williams seems to argue that the filing of his Motion for an Evidentiary Hearing here in this action is incontrovertible evidence that he has properly requested a hearing under § 1095a(b) and that Defendants' garnishment of his wages is premature. In making

5

this contention, however, Mr. Williams does not come close to establishing that the record is without a genuine issue of material fact as to whether Defendants violated § 1095a. The record contains evidence in which ACSI attests that it sent the letter entitled "Notice Prior to Wage Withholding" to Mr. Williams in September 2010, in compliance with § 1095a. [ACSI Aff. ¶¶ 4–10]. According to Mr. Williams' own filings with the Court, garnishment began in November 2010. [Accounting and True Bill, doc. 1-2, at 36]. Without commenting on whether Mr. Williams' Motion for an Evidentiary Hearing is a "petition" that meets the "procedures [that] the Secretary or the head of the guaranty agency . . . [has] prescribe[d]," the Court simply notes that Mr. Williams did not file it until March 2016—beyond the fifteen-day timeframe by a matter of years. § 1095a(b). The Court therefore has no basis to enter summary judgment in Mr. Williams' favor.

### B. Ongoing Garnishment

Mr. Williams next argues that Defendants cannot continue to garnish his wages until they provide him with a hearing under 5 U.S.C. § 556(d), [Pl.'s Br. at 5], which deals with a party's right to present evidence at an administrative hearing, *see* § 556(d). Defendants, however, contend that § 556(d) does not apply to them because they comprise a state entity rather than a federal entity. [Defs.' Br. at 6]. Subsection 556(d) is part of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551–559, 701–706, 1305, 3105, 3344, 4301, 5335, 5372, 7521, which "does not apply to state agencies," *Sw. Williamson Cty. Cmty. Ass'n, Inc. v. Slater*, 173 F.3d 1033, 1035 (6th Cir. 1999), but only to "authorit[ies] of the Government of the United States," 5 U.S.C. § 701(b)(1); *see Day v. Shalala*, 23 F.3d 1052,

6

1064 (6th Cir. 1994) (concluding that a state agency administering a federal program was not subject to the APA because the APA applies only to federal agencies). Because Defendants constitute an authority of the State of Tennessee, *see* Tenn. Code. Ann. §§ 49-4-201–212; *see also Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 440 (describing TSAC as a "state entity"); *Little v. Tenn. Student Assistance Corp.*, 537 F. Supp. 2d 942, 944 (W.D. Tenn. 2008), § 556(d) does not apply to them. Mr. Williams therefore has no right to summary judgment.

### C. 34 C.F.R. § 682.515(a)(3)(ii)

Mr. Williams also argues that 34 C.F.R. § 682.515(a)(3)(ii) requires Defendants to produce a "wet-ink," or original, copy of the promissory note before it can legally garnish his wages. Subsection 682.515(a)(3)(ii) states: "The holder of the promissory note shall retain the original note and repayment instrument until the loan is fully repaid." Defendants insist, however, that § 682.515(a)(3)(ii) does not apply to them. [Defs.' Br. at 6]. Other than providing the Court with a quotation from § 682.515(a)(3)(ii), Mr. Williams makes no effort to explain how this subsection applies, or even whether it can apply, specifically to Defendants, which, importantly, have the legal designation of a guarantor. Tenn. Code. Ann. § 49-4-401(a). The Court gathers that Mr. Williams believes Defendants took on the role of a de facto lender in this case, exceeding their authority as a guaranty agency and coming within the ambit of § 682.515(a)(3)(ii)'s provisions.

The term "holder" that appears in § 682.515(a)(3)(ii) means "[a]n eligible lender owning an FFEL Program loan including a Federal or State agency or an organization or

corporation acting on behalf of such an agency and acting as a conservator, liquidator, or receiver of an eligible lender." 34 C.F.R. § 682.200(b). The definition of the term "eligible lender" is complex and multi-faceted, and to qualify as an eligible lender, an institution must meet various specifications concerning the number and function of its employees, the payment of rebate fees, the offering of loans, and the awarding of contracts—to name no more than a few. 20 U.S.C. § 1085(d)(2)–(6); *see* § 682.200(b). Mr. Williams fails to show that the record lacks evidence supporting Defendants' contention that they did not perform the role of an eligible lender but adhered to their role as a guaranty agency. The record contains ample evidence showing that Defendants remained within the bounds of their legal authority as a guarantor in this case and did not act as an eligible lender subject to § 682.515(a)(3)(ii)'s provisions. [*See* Jane Pennington Aff. ¶¶ 1–10; Mem. of Understanding, doc. 29, at 8; TSAC Claim Paid Summ., doc. 29, at 10]; *see also* Tenn. Comp. R. & Regs. 1640-01-02-.04(1) (describing the separate role that TSAC performs in relation to a lender). Mr. Williams has therefore once again fallen short of meeting his burden and is not entitled to summary judgment.

## IV. CONCLUSION

Mr. Williams fails to satisfy his burden as the movant for summary judgment, and his Motion for Summary Judgment [doc. 22] is therefore **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
                                                              United States District Judge