UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| MARK WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:16-CV-52 |
| TENNESSEE STUDENT ASSISTANCE CORPORATION and RUSS DEATON, in his official capacity as Executive Director, | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's Second Motion for Summary Judgment [doc. 38], Plaintiff's Brief in Support of the Motion [doc. 39], and Defendants' Response in Opposition [doc. 42-1], and Plaintiff's Motion for a Hearing [doc. 47]. For the reasons herein, the Court will deny the motions.

### I. BACKGROUND

A former student at the University of Tennessee, [Student Enrollment History, doc. 29, at 18–19], Plaintiff Mark Williams ("Mr. Williams") completed an application and promissory note to enter into the Tennessee Student Assistance Corporation's Tennessee Consolidation Loan Program, [Appl. & Promissory Note, doc. 29, at 6], seeking to consolidate three of his student loans, [*id.*; Jane Pennington Aff., doc. 30-1, ¶ 4]. At the time, Defendant Tennessee Student Assistance Corporation ("TSAC"), which is "the designated guaranty agency for loans made under the Federal Family Education Loan

Program ("FEELP") within the State of Tennessee," [Jane Pennington Aff. ¶ 3],[1] was the guarantor of the consolidated loan, [*id.* ¶ 4; *see* Appl. & Promissory Note at 6]. Mr. Williams, however, later defaulted on the consolidated loan and TSAC then became the holder of the loan. [Jane Pennington Aff. ¶¶ 6–7]. TSAC, through its contractor, Automated Collection Services, Inc. ("ACSI"), attempted to collect debts on the defaulted loan for roughly a year but without success. [ACSI Aff., doc. 29, ¶¶ 3–6]. ACSI maintains that it eventually mailed a letter to Mr. Williams entitled "Notice Prior to Wage Withholding," in which it notified him of its intent to garnish his wages. [*Id.* ¶¶ 5–10]. According to ACSI, this letter contained instructions about how Mr. Williams could not only avoid garnishment but also request a hearing to object to it. [*Id.* ¶ 10]. ACSI, however, attests that Mr. Williams did not request a hearing "in the manner proscribed by" the letter, [*id.* ¶ 11], so it proceeded to garnish Mr. Williams' wages, [*id.* ¶ 12].

In response, Mr. Williams, a pro se plaintiff, brought this action against TSAC and Russ Deaton ("Defendants") in his official capacity, claiming they deprived him of his constitutional rights under 42 U.S.C. § 1983 by garnishing his wages (Count I) and by committing a constructive conversion of his interest in the promissory note (Count II). [Compl., doc. 1, at 8–10]. The Court has dismissed Count I to the extent that Mr. Williams pursues monetary damages and has dismissed Count II in its entirety. [Order, doc. 15, at 1–2]. Count I remains pending to the extent that he seeks injunctive relief. [*Id.*]. He now

---

[1] *See* Tenn. Code. Ann. § 49-4-401(a) ("The Tennessee student assistance corporation, referred to in this part as 'TSAC', is given full power and authority to guarantee one hundred percent (100%) of any student loan . . . under the federal Higher Education Act of 1965 (20 U.S.C. § 1001 et seq.).").

moves for summary judgment for a second time, [Pl.'s Mot. for Summ. J. at 1–2], the Court having denied his first attempt at summary judgment, [Order, doc. 57, at 1].

## II. LEGAL STANDARD

Summary judgment is appropriate when the moving party shows, or "point[s] out to the district court," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), that the record—the admissions, affidavits, answers to interrogatories, declarations, depositions, or other materials—is without a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law, Fed. R. Civ. P. 56(a), (c). The moving party has the initial burden of identifying the basis for summary judgment and the portions of the record that lack genuine issues of material fact. *Celotex*, 477 U.S. at 323. The moving party discharges that burden by showing "an absence of evidence to support the nonmoving party's" claim or defense, *id.* at 325, at which point the nonmoving party, to withstand summary judgment, must identify facts in the record that create a genuine issue of material fact, *id.* at 324.

Not just any factual dispute will defeat a motion for summary judgment—the requirement is "that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the case under the applicable substantive law, *id.*, and an issue is "genuine" if the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In short, the inquiry is whether the record contains evidence that "presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. When ruling on a motion for summary judgment, a court must view the facts and draw all reasonable inferences in the light most favorable to the

3

nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

### III. ANALYSIS

The Court begins by noting that Mr. Williams renews a pair of arguments that it previously rejected when it denied his first Motion for Summary Judgment [doc. 22]—namely that Defendants have not produced a "wet-ink" copy of the promissory note or proof of compliance with 5 U.S.C. § 556(d). [Pl.'s Br. at 6–7]. Having already addressed these exact arguments in detail, [*see* Mem. Op., doc. 56, at 6–8], the Court will not revisit them here. Mr. Williams, however, also raises a pair of new arguments, contending that the record lacks evidence showing that Defendants received a default claim from a lender under 34 C.F.R. § 682.406(a)(5) or paid a default claim to a lender under 34 C.F.R. § 682.406(a)(9). [Pl.'s Br. at 5–6].[2]

#### A. Section 682.406(a)(5)

Under § 682.406(a)(5), when a lender files a default claim on a student loan within ninety days of the default, a guaranty agency may pay the default claim and receive a

---

[2] Mr. Williams, seemingly in an effort to support his position, maintains that Defendants lack evidence to rebut his arguments because they have not responded to his requests for production, which he claims to have made on March 29, 2016, and on May 27, 2016. [Pl.'s Br. at 2, 4]. Defendants, however, inform the Court that they have responded to Mr. Williams' requests for production under Federal Rule of Civil Procedure 34(b)(2)(A). [Defs.' Resp. at 2–3]. Even if Defendants have not responded to Mr. Williams' requests, the avenue through which Mr. Williams must seek redress is not a motion for summary judgment but the three-step process that the Court laid out in its Scheduling Order [doc. 34]. He has not raised a discovery-related dispute through this process, leaving the Court to assume that he no longer wishes to pursue the issue or that the parties have resolved it.

reinsurance payment from the federal government. Contrary to Mr. Williams' assertion, the record does in fact contain evidence showing that TSAC received a default claim from Mr. Williams' lender within ninety days of Mr. Williams' default. [Default Claim Docs., doc. 30-1, 5–27; *see* Jane Pennington Aff. ¶ 6]. Mr. Williams is therefore not entitled to summary judgment.

## B. Section 682.406(a)(9)

Under § 682.406(a)(9), a guaranty agency's right to a reinsurance payment is contingent, in part, on the guaranty agency's payment of a lender's default claim. Contrary to Mr. Williams' assertion, the record does in fact contain evidence showing that TSAC paid a default claim to Mr. Williams' lender. [*See* Claim Paid Summ., doc. 30-1, at 10; Jane Pennington Aff. ¶ 9]. Mr. Williams is therefore not entitled to summary judgment.

## IV. CONCLUSION

Mr. Williams fails to satisfy his burden as the movant for summary judgment, and his Second Motion for Summary Judgment [doc. 38] is therefore **DENIED**. Mr. Williams' Motion for a Hearing [doc. 47] is **DENIED as moot**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge